Filed 10/3/24  P. v. Lopez CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD L. LOPEZ,<br><br>    Defendant and Appellant. | B332958<br><br>Los Angeles County<br>Super. Ct. No. NA091954 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge. Affirmed.

Ralph Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 2017, the Los Angeles County District Attorney filed a second amended information charging defendant and appellant Ronald Lee Lopez with 17 felony offenses.[1] A jury convicted Lopez on all counts. Relevant to this appeal, the jury convicted Lopez of the first degree murder of William Knight (Pen. Code,[2] § 187, subd. (a); count 1); conspiracy to murder Knight (§§ 182, 187, subd. (a); count 2); the attempted murders of James Arrellano and Daniel Bugarin (§§ 664, 187, subd. (a); counts 16 and 18); and conspiracy to murder Arrellano and Bugarin (§§ 182, 187, subd. (a); counts 17 and 19). The trial court sentenced Lopez to 535 years to life in state prison.

In 2022, Lopez filed a petition for resentencing under former section 1170.95.[3] The trial court appointed counsel on Lopez's behalf. The prosecution filed a response, arguing, among other things, because the jury's guilty verdicts on the conspiracy counts all included findings that Lopez harbored the intent to

---

[1]    The second amended information also charged two co-defendants, David Solorio and Sheldon McMorries, with various offenses, many of which overlapped with Lopez's charges.

[2]    All undesignated statutory references are to the Penal Code.

[3]    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For the sake of simplicity, we will refer to the statute by its new code section. That section provides relief for certain individuals convicted of attempted murder under the natural and probable consequence doctrine, as well as certain individuals convicted of murder under an imputed-malice theory of liability. (See § 1172.6.)

kill, the record demonstrates Lopez is ineligible for relief as a matter of law on his murder and attempted murder convictions. The prosecution also noted that this court, in resolving Lopez's direct appeal, concluded it "is not possible that the jury relied on the doctrine of natural and probable consequences to find [Lopez] guilty of murder [or] attempted murder[,]" but rather convicted Lopez of those offenses as an aider and abettor. (*People v. McMorries et al.* (Mar. 9, 2022, B289194) [nonpub. opn.].) The prosecution additionally explained that, although the jury was instructed it could convict Lopez of second degree murder based on the natural and probable consequences doctrine, it is clear that because the jury convicted him of first degree murder, the jury did not rely on the natural and probable consequences doctrine. Along with its response, the prosecution attached as exhibits this court's opinion resolving Lopez's direct appeal, as well as the record of Lopez's trial, which included the jury instructions. It does not appear that Lopez's appointed counsel filed a reply.

At Lopez's prima facie hearing, the prosecution reiterated that this court, in Lopez's direct appeal, concluded it is not possible the jury relied on the natural and probable consequences doctrine to convict Lopez of murder or attempted murder. The prosecution also reiterated that, because the jury found Lopez guilty on the conspiracy counts (counts 2, 17, and 19), it is clear the jury concluded beyond a reasonable doubt Lopez harbored express malice in the commission of the murder and attempted murders. Defense counsel submitted, and the trial court agreed with the prosecution that Lopez was ineligible for section 1172.6 relief as a matter of law.

Lopez timely appealed, and we appointed counsel to represent him. On January 18, 2024, Lopez's appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. On April 18, 2024, Lopez filed a supplemental brief.

## DISCUSSION

In his brief, Lopez argues: (1) his trial counsel was ineffective by not raising arguments that he is eligible for relief; (2) the trial judge's reference to the fact that Lopez's case involved the Mexican Mafia demonstrates the judge harbored racial bias toward Lopez; (3) because the jury was instructed on the natural and probable consequences doctrine, the record does not demonstrate Lopez is ineligible for relief as a matter of law; and (4) the prosecution's response to Lopez's petition should not have addressed why co-defendant McMorries was ineligible for section 1172.6 relief. Lopez also appears to argue remand is warranted because the trial court erred by denying his *Marsden* motion.[4] We are unpersuaded.

As the prosecution correctly explained in the trial court, with respect to each murder and attempted murder, the jury also convicted Lopez of conspiracy to murder each victim. Indeed, a review of the jury instructions shows that, in finding Lopez guilty on those conspiracy counts, the jury necessarily concluded he harbored the intent to kill in the commission of the murder and attempted murders. The instructions explained to the jury: "The crime of conspiracy to commit murder requires proof that the

---

4 *People v. Marsden* (1970) 2 Cal.3d 118.

conspirators harbored express malice aforethought, namely, the specific intent to kill unlawfully another human being." The instructions later stated that, to convict Lopez of conspiracy to commit murder, the jury had to find he "harbored express malice aforethought, namely a specific intent to kill unlawfully another human being." Because the record conclusively demonstrates the jury found Lopez harbored express malice in the commission of the murder and attempted murders, and because express malice remains a valid theory of murder liability under current law (see § 188, subd. (a)(1)), the trial court was correct in concluding Lopez is ineligible for section 1172.6 relief as a matter of law. We therefore reject Lopez's assertions that the court erred in denying him relief.

We also reject Lopez's argument that remand is warranted because his trial counsel was ineffective. In order to demonstrate ineffective assistance of counsel, Lopez must show he was prejudiced by counsel's performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [104 S.Ct. 2052, 80 L.Ed.2d 674].) Because Lopez is ineligible for section 1172.6 relief as a matter of law, there is nothing his counsel could have done to obtain a better outcome. In other words, Lopez cannot demonstrate prejudice because he has no chance of obtaining a more favorable outcome on remand. Thus, his ineffective assistance of counsel claim is without merit.

In short, because the record demonstrates as a matter of law that Lopez was not convicted under an imputed-malice theory of liability, rendering him ineligible for section 1172.6 relief under the plain language of the statute, we reject all of his arguments that his case should be remanded.

In addition to rejecting the arguments Lopez raised in his supplemental brief, we have exercised our discretion to independently review the record, and conclude no arguable issues exist. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

We affirm the order denying Lopez section 1172.6 relief.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.